**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2292**

NABI NABIL,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 6, 2010      Decided: August 23, 2010

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jay S. Marks, MARKS, CALDERON, DERWIN & RACINE, P.L.C., Arlington, Virginia, for Petitioner. Tony West, Assistant Attorney General, Ada E. Bosque, Senior Litigation Counsel, Jonathan Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nabi Nabil, a native and citizen of Afghanistan, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

Nabil challenges the adverse credibility finding. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1048 (2010). "[I]f an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (alteration added).

For applications filed after the passage of the REAL ID Act of 2005, a trier of fact, "[c]onsidering the totality of the circumstances, and all relevant factors," may base a credibility determination on any inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of the applicant's claim[.]" 8 U.S.C. § 1158(b)(1)(B)(iii) (2006)

2

(alterations added). "[I]n evaluating an asylum applicant's credibility, an IJ may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible." Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir. 2008); see also Mitondo v. Mukasey, 523 F.3d 784, 787-88 (7th Cir. 2008) (noting that the new statute abrogates decisions that focus on whether the inconsistency or omission goes to the heart of the applicant's claim for relief).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks omitted).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and

3

cogent reasoning, however, it is not supported by substantial evidence.  Tewabe, 446 F.3d at 538.

A determination regarding eligibility for withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2006).  We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483-84 (alteration added); see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We hold that substantial evidence supports the adverse credibility finding.  The immigration judge and the Board made note of specific and cogent reasons that cast doubt on Nabil's claim that he converted to Christianity.  Because Nabil's application for relief depended upon his alleged conversion, substantial evidence supports the denial of withholding of removal and the record does not compel a different result.

Because Nabil's claim that he converted to Christianity was not to believed due to the adverse credibility finding, and because he did not submit sufficient independent evidence that could stand on its own and overcome the adverse

4

credibility finding, we hold that substantial evidence supports the finding that Nabil failed to show it was more likely than not he will be tortured if he returns to his native country. See 8 C.F.R. § 1208.16(c)(2) (2010).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED